UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-10113-DOC (KS)                                              Date: December 4, 2019
Title   _Michael Fimbres v. M. Pollard_


Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On November 26, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition challenged Petitioner's 2016 conviction and sentence for murder with a firearm enhancement. (Petition at 1.) Petitioner has attached to the Petition his Petition for Review that was filed in the California Supreme Court and his Opening Brief and Reply Brief that he filed in the California Court of Appeal.

Question Eight on the form petition states: "For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States." (Petition at 5.) Question Eight gives the petitioner space on the form to identify five different grounds for relief and asks the petitioner to indicate whether he raised each ground to the California Court of Appeal on direct review, in a Petition for Review to the California Supreme Court, and in a habeas petition to the California Supreme Court. (Petition at 5-7.) On the Petition, however, Petitioner has left all five spaces blank, identifying no specific grounds or claims for relief. (*See generally id.*) However, Petitioner also indicated that he raised Grounds One through Five on direct review to the California Court of Appeal and California Supreme Court. (*Id.*) Accordingly, it is unclear whether Petitioner intends to bring five claims for habeas relief or fewer and what the nature of his claims are.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief." Habeas Rule 4.  Additionally, Habeas Rule 2 requires, *inter*

*alia*, that the petition specify the grounds for relief, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. Because the Petition does not clearly identify the legal and factual basis for Petitioner's claims, the Petition is subject to dismissal.

IT IS THEREFORE ORDERED that Petitioner shall SHOW CAUSE no later than **December 26, 2019** why the Petition should not be dismissed for failure to comply with Habeas Rule 2(c) and Habeas Rule 4. Petitioner may discharge this Order by filing one of the following on or before the December 26, 2019 deadline:

(1) A signed Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a); or

(2) A complete First Amended Petition that is signed, does not refer to or rely on any of Petitioner's earlier pleadings or their attachments, identifies with specificity each ground on which he seeks habeas relief, and articulates specific facts supporting each claim for habeas relief. If Petitioner elects to file a First Amended Petition, he may attach to that petition one or more of his state court briefs and refer to them for the supporting facts and law. However, he must also **clearly and unambiguously identify for this Court, preferably in the form petition, the federal constitutional arguments he is raising for federal habeas relief**.[1]

**Petitioner's failure to timely comply with this Order and show cause why the Petition should not be dismissed may result in a recommendation of dismissal pursuant to Habeas Rule 4 and/or Local Rule 41-1 and Fed. R. Civ. P. 41.**

The Clerk is directed to send Petitioner the Central District's form state habeas petition and a copy of his Petition with attachments.

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr

---

[1] Petitioner is cautioned that "federal habeas corpus relief does not lie for errors of state law," and "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).